UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-291-H

L. RUTHER                                                                             PLAINTIFF

v.

UNITED STATES OFFICERS                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

Acting without the assistance of counsel, Plaintiff L. Ruther, who provides an address of record in Texas, filed a handwritten complaint on his own paper against "United States Officers."

Within the complaint, Plaintiff also provides an affidavit listing his income, expenses, debt, and assets. Consequently, the Court construes the complaint also as an application to proceed without prepayment of fees, which upon review, is **GRANTED**.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff "orders" four items in his complaint: (1) "I order grand jury trial theft Barry Gash . . . $71000 U.S. ATTY No Do Trial. I order U.S. Pay Damage"; (2) "I order Jury Trail Now 4-20-10"; (3) "I order summons to U.S. Atty courthouse . . . subpoena records of suit"; and (4) "I order civil trial of contact to B Gash 10-26-06 court No do trial $118000 contract I order U.S. pay damages of $118,000 + interest, punitive damage."

Plaintiff appears to be asking this Court to order federal prosecution of Barry Gash and for the Court to order the United States to pay damages for its prior failure to prosecute Barry Gash. The Court cannot grant Plaintiff the relief requested as "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1974); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."); *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986) ("Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors."). Moreover, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973).

For these reasons, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order of dismissal.

Date:

cc: Plaintiff, *pro se*
4412.005

2